JOHN A. KANOPKA *v.* JOHN JAQUETT.

**Real Estate—Conveyance—False Representations.**

Where a grantee is induced to buy real estate and take conveyance thereof by the false representations of an insolvent grantor, that he is the owner thereof, although the contract is executed, the warranty in the deed is no indemnity, and he is entitled to relief to the extent that his vendor had no title to the land conveyed.

APPEAL FROM PENDLETON CIRCUIT COURT.

November 6, 1874.

OPINION BY JUDGE PETERS:

Taking the allegations of the answer as true, which must be done for the purposes of the demurrer, and it appears that appellant purchased a small tract of land from appellee at its full value; that appellee at the time represented to appellant and assured him that he had a clear and perfect title to the whole tract of land, and appellant, relying on the representations made to him by appellee, accepted a conveyance for the land, believing that he thereby acquired a perfect and clear title to 'the land; but that he has since discovered that said representations made to him by appellee were false; that he represented that he owned three-fifths of said land, having purchased the interest of Sarah Tippett and Mary E. Williams. But that upon examination he finds that there is no record evidence of such purchasers, and that he has not acquired their titles to their portions of said land, and that appellee is insolvent.

Although the contract may be executed, still, as appellant has pointed out the particular defects in the title, of which he was igno-

rant at the time the conveyance was made, and alleges that he was induced to accept the conveyance by the misrepresentations of appellee, who is insolvent, whereby his warranty is no indemnity for the defect of title, he shows himself entitled to relief to the extent that his vendor had no title to the land.

*Young v. Hopkins, et al.*, 6 T. B. Mon. 18. Wherefore the judgment is *reversed* and the cause is remanded with directions to overrule the demurrer to the answer, and for further proceedings consistent herewith.

*C. H. Lee, for appellant.*
*John H. Fryer, for appellee.*